THIS ORDER IS
A PRECEDENT
OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

wbc

Mailed: December 12, 2017

Opposition No. 91222695

*Azalea Health Innovations, Inc.*

*v.*

*Rural Health Care, Inc.*

**Wendy Boldt Cohen, Interlocutory Attorney:**

This case now comes before the Board on Azalea Health Innovations, Inc.'s ("Opposer") motion to strike certain exhibits in Rural Health Care, Inc.'s ("Applicant") first notice of reliance. 37 TTABVUE.[1] The motion is fully briefed.

The documents at issue, Exhibits A-M, found in Applicant's first notice of reliance are transcripts of Applicant's discovery depositions of some of Opposer's employees.[2] *See* 31 TTABVUE.

---

[1] TTABVUE is the Board's electronic case file system and citations in the decision are to the corresponding TTABVUE entries followed by the corresponding page number in the prosecution history for the file for this case. The Board prefers that parties cite to material or testimony in the case by using the TTABVUE docket entry and page numbers. *See Bond v. Taylor*, 119 USPQ2d 1049, 1050 n.4 (TTAB 2016); *Hollywood Casino LLC v. Chateau Celeste, Inc.*, 116 USPQ2d 1988, 1991 n.5 (TTAB 2015); *UVeritech, Inc. v. Amax Lighting, Inc.*, 115 USPQ2d 1242, 1244 n.2 (TTAB 2015); *Turdin v. Trilobite, Ltd.*, 109 USPQ2d 1473, 1476 n.6 (TTAB 2014).

[2] 1.  Exhibit A – discovery deposition transcript of Lance Bennett;
 2.  Exhibit B – discovery deposition transcript of Victoria Burke;
 3.  Exhibit C – discovery deposition transcript of Patricia Denman;
 4.  Exhibit D – discovery deposition transcript of Jason Faulk;
 5.  Exhibit E – discovery deposition transcript of Kelly Hagin;
 6.  Exhibit F – discovery deposition transcript of Julie Harper;
 7.  Exhibit G – discovery deposition transcript of Heather Ivey;

*Preliminary Issue - Redacted Submissions Required for Public Record*

The entirety of Applicant's first and second notices of reliance found at 31 and 32 TTABVUE, and testimony found at 36 TTABVUE, were designated as "confidential" when filed via the Electronic System for Trademark Trials and Appeals (ESTTA), yet, in some instances, only portions of the submissions were labelled or marked as "confidential" (e.g., Exhibits L and N to the first notice of reliance). Applicant did not submit a redacted copy of the notices of reliance or testimony for the public record. Opposer has also submitted the entirety of its notices of reliance and testimony as confidential, without submitting redacted copies for public viewing. *See* 15-16 TTABVUE; 19 TTABVUE; 27 TTABVUE.

Discovery responses, exhibits, discovery and testimony deposition transcript pages, testimony declarations or affidavits or those portions of a brief, pleading, or motion that disclose confidential information should be electronically designated as "confidential" when filed through ESTTA or, where permitted, filed by paper under seal pursuant to the Board's standing protective order or a modification of it. *See* Trademark Rules 2.126(c), 37 C.F.R. § 2.126(c); 2.127(e), 37 C.F.R. § 2.127(e); Trademark Trial and Appeal Board

---

8. Exhibit H – discovery deposition transcript of Julee Lincoln;
9. Exhibit I – discovery deposition transcript of Maya Loizeaux;
10. Exhibit J – discovery deposition transcript of Marty Nall;
11. Exhibit K – discovery deposition transcript of Danielle Rocha;
12. Exhibit L – discovery deposition transcript of Theresa Siroky; and
13. Exhibit M – discovery deposition transcript of Amy Taylor.

Manual of Procedure ("TBMP") §§ 120.02; 412.04; 703.01(p) (June 2017). If a party submits any such material, the party must also submit for the public record a redacted version of each submission. Trademark Rule 2.126(c). A rule of reasonableness dictates what information should be redacted, and only in very rare instances should an entire submission be deemed confidential. *See, e.g., Couch/Braunsdorf Affinity, Inc. v. 12 Interactive, LLC*, 110 USPQ2d 1458, 1460-61 (TTAB 2014); *Swiss Watch Int'l Inc. v. Fed. of the Swiss Watch Indus.*, 101 USPQ2d 1731, 1736 (TTAB 2012). In addition, "[t]he Board may treat as not confidential that material which cannot reasonably be considered confidential, notwithstanding a designation as such by a party." Trademark Rule 2.116(g), 37 C.F.R. § 2.116(g).

Each party is ordered to resubmit copies of their notices of reliance and testimony in which only truly confidential material is redacted within **twenty (20) days** of the mailing date of this order. *See Swiss Watch Int'l Inc.*, 101 USPQ2d at 1736; *Morgan Creek Prod. Inc. v. Foria Int'l Inc.*, 91 USPQ2d 1134, 1136 n.9 (TTAB 2009); TBMP § 120.02. If the parties fail to redesignate their notices of reliance or testimony or continue to over designate them as confidential, the materials will be treated as part of the public record, consistent with the Board's general policy that all papers in a proceeding be public. *See Ayoub, Inc. v. ACS Ayoub Carpet Serv.,* 118 USPQ2d 1392, 1398 n.39 (TTAB 2016).

*Opposer's Motion to Strike*

Opposer argues that Exhibits A-M comprise discovery deposition transcripts of non-party individuals, which neither party disputes, who are employees of Opposer but none of whom at any time was a party to this opposition, or an officer, director or managing agent of a party to this opposition; that Board rules do not permit the introduction of these exhibits into evidence under a notice of reliance; and that Applicant should have elected oral cross-examination of the individuals for whom Opposer has submitted testimony declarations pursuant to Trademark Rule 2.123, 37 C.F.R. § 2.123. 37 TTABVUE 3.

Applicant argues that the exhibits are admissible because they are "being offered 'for impeachment purposes and in support of objections to hearsay testimony of [each] deponent as provided in Opposer's Trial Declaration of deponent'"; that impeachment is a permissible use of discovery depositions; and that some of Opposer's trial declarations "expand on information provided by a deponent when the deponent indicated in deposition that he or she had no such information." 38 TTABVUE 3-4.

A. Discovery Deposition Transcripts for which no Testimony from the Deponents was Introduced – Exhs. C, I, K and L

The discovery depositions of Patricia Denman (Exh. C), Maya Loizeaux (Exh. I), Danielle Rocha (Exh. K) and Terry Siroky (Exh. L) present a different issue than do the others because Opposer did not submit trial declarations for these witnesses, and Opposer asserts that it "has not and will not call

4

[Denman, Loizeaux, or Siroky][3] . . . as witnesses in the present Opposition." 37 TTABVUE 3. Inasmuch as Applicant asserts that it submitted the disputed discovery deposition transcripts of these individuals for purposes of impeaching their trial testimony and no such testimony from these individuals has yet been offered by Opposer, the motion to strike Exhs. C, I, K and L is **granted**. The referenced exhibits are hereby stricken from the record.

B. Discovery Deposition Transcripts of Non-party Witnesses – Applicant's Exhibits A, B, D-H, J and M.

"Objections to a notice of reliance on substantive grounds, such as objections on the grounds that evidence offered under a notice of reliance constitutes hearsay or improper rebuttal, or is incompetent, irrelevant, or immaterial, normally need not and should not be raised by motion to strike." TBMP § 532. Such objections should be raised in the objecting party's brief on the case, *unless the ground for objection is one that could have been cured if raised promptly by motion to strike. See* Trademark Rule 2.123(j), 37 C.F.R. § 2.123(j); Fed. R. Civ. P. 32(d)(3)(A). As explained below, given the circumstances of this proceeding and inasmuch as the Board finds the ground for Opposer's objections to Applicant's exhibits is procedural in nature, the Board declines to defer the motion to final hearing.

Upon adoption of the amended Rules of Practice in Trademark Cases, effective January 14, 2017, Trademark Rule 2.123(a) permits the unilateral

---

[3] Opposer does not reference in its motion whether it will or will not call Rocha as a witness; however, it did not submit a trial declaration during its case-in-chief.

option for trial testimony by affidavit or declaration pursuant to Trademark Rule 2.20, 37 C.F.R. § 2.20, subject to the right of oral cross-examination by the adverse party if the witness is in the United States. *See* Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 81 Fed. Reg. 69950, 69951 (October 7, 2016) (Notice of Final Rulemaking). In this case, Opposer opted to submit the trial testimony of its employees, all non-party witnesses, by declaration. *See* 19-26 TTABVUE; 29 TTABVUE. There is no evidence in the record, and neither party asserts, that Applicant sought to cross-examine those witnesses. Instead of availing itself of the opportunity to impeach Opposer's witnesses by electing to take oral cross-examination as permitted by the rules, Applicant instead submitted the discovery deposition transcripts of these individuals during Applicant's testimony period.

To determine whether a discovery deposition of a non-party witness has been properly introduced into evidence for impeachment purposes or otherwise, the Board looks to Fed. R. Civ. P. 32(a), Fed. R. Evid. 613 and Trademark Rule 2.120(k), 37 C.F.R. § 2.120(k).

Federal Rule of Civil Procedure 32 provides, in pertinent part:

> (a) Using Depositions.
>> (1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>>> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>>> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>>> (C) the use is allowed by Rule 32(a)(2) through (8).

(2) *Impeachment and Other Uses.* Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.

Federal Rule of Evidence 613 provides:

...

(b) *Extrinsic Evidence of a Prior Inconsistent Statement.* Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires. This subdivision (b) does not apply to an opposing party's statement under Rule 801(d)(2).

Trademark Rule 2.120(k) provides, in pertinent part:

(k) *Use of discovery deposition, answer to interrogatory, admission or written disclosure.*

(1) The discovery deposition of a party or of anyone who at the time of taking the deposition was an officer, director or managing agent of a party, or a person designated by a party pursuant to Rule 30(b)(6) or Rule 31(a) of the Federal Rules of Civil Procedure, may be offered in evidence by an adverse party.

(2) Except as provided in paragraph (k)(1) of this section, the discovery deposition of a witness, whether or not a party, shall not be offered in evidence unless the person whose deposition was taken is, during the testimony period of the party offering the deposition, dead; or out of the United States (unless it appears that the absence of the witness was procured by the party offering the deposition); or unable to testify because of age, illness, infirmity, or imprisonment; or cannot be served with a subpoena to compel attendance at a testimonial deposition; or there is a stipulation by the parties; or upon a showing that such exceptional circumstances exist as to make it desirable, in the interest of justice, to allow the deposition to be used. The use of a discovery deposition by any party under this paragraph will be allowed only by stipulation of the parties approved by the Trademark Trial and Appeal Board, or by order of the Board on motion, which shall be filed when the party makes its pretrial disclosures, unless the motion is based

7

upon a claim that such exceptional circumstances exist as to make it desirable, in the interest of justice, to allow the deposition to be used, even though such deadline has passed, in which case the motion shall be filed promptly after the circumstances claimed to justify use of the deposition became known.[4]

(3)

    (i)    A discovery deposition, … which may be offered in evidence under the provisions of paragraph (k) of this section, may be made of record in the case by filing the deposition or any part thereof with any exhibit to the part that is filed, … together with a notice of reliance in accordance with § 2.122(g). The notice of reliance and the material submitted thereunder should be filed during the testimony period of the party which files the notice of reliance. An objection made at a discovery deposition by a party answering a question subject to the objection will be considered at final hearing.

. . .

(6) Paragraph (k) of this section will not be interpreted to preclude reading or use of …, a discovery deposition, … as part of the examination or cross-examination of any witness during the testimony period of any party.

In short, Fed. R. Civ. P. 32, Fed. R. Evid. 613, and Trademark Rule 2.120(k)(6) permit the use of discovery depositions during the examination or cross-examination of a witness, which would necessarily include impeachment. Additionally, Trademark Rule 2.120(k)(1) permits the use of a discovery

---

[4] Rule 801(d)(1)(A) of the Federal Rules of Evidence authorizes substantive use of a testifying witness's prior inconsistent statement if: (1) the statement is inconsistent with his later trial testimony, (2) the statement was made in a proceeding or deposition where he was subject to penalty of perjury, and (3) the witness is subject to cross-examination on his prior statement. Whether proffered as substantive evidence or not, the prior discovery deposition testimony of a testifying witness in a Board proceeding may only be introduced in conformity with Trademark Rule 2.120 (k).

deposition of a party in Board proceedings. Trademark Rule 2.120(k)(2), however, explains how to introduce a discovery deposition of a non-party witness if outside the examination or cross-examination period for that witness, such as the case here: by stipulation of the parties approved by the Board or by order of the Board upon a motion.

A discovery deposition that may be offered into evidence by stipulation or order of the Board under Trademark Rule 2.120(k) may be made of record by filing, during the testimony period of the offering party, the deposition or any part thereof with any exhibit to the part that is filed, together with a notice of reliance. Trademark Rule 2.120(k)(3)(i), 37 C.F.R. § 2.120(k)(3)(i); *see also Galaxy Metal Gear Inc. v. Direct Access Tech. Inc.*, 91 USPQ2d 1859, 1862 (TTAB 2009); *Marion Labs. Inc. v. Biochemical/Diagnostics Inc.*, 6 USPQ2d 1215, 1217 n.9 (TTAB 1988); *Fischer GmbH. v. Molnar & Co.*, 203 USPQ 861, 864-65 (TTAB 1979); *Chemetron Corp. v. Self-Organizing Sys., Inc.*, 166 USPQ 495, 496 n.2 (TTAB 1970); *Am. Skein & Foundry Co. v. Stein,* 165 USPQ 85, 85 (TTAB 1970). Here, neither party alleges there was a stipulation to allow the non-party witnesses' discovery depositions. Had Applicant elected to cross-examine the witnesses on their testimonial declarations, it could have confronted each witness with his or her allegedly inconsistent statements made during the discovery deposition. But having failed to elect oral cross-examination of the witnesses, Applicant had two options available to introduce the discovery depositions into evidence: (1) file a motion at the time of its

pretrial disclosures seeking Board approval of its use of the discovery depositions; or (2) file a motion claiming exceptional circumstances exist promptly after circumstances claimed to justify the use of the depositions became known, even if after its pretrial disclosures were made. *See* Trademark Rule 2.120(k)(2); *see also, e.g., Galaxy Metal Gear*, 91 USPQ2d at 1862; *Hilson Res. Inc. v. Soc'y for Human Resource Mgmt.*, 27 USPQ2d 1423, 1426 (TTAB 1993); *Fischer GmbH*, 203 USPQ at 864-65; *Nat'l Fidelity Life Ins. v. Nat'l Ins. Trust*, 199 USPQ 691, 692 n.3 (TTAB 1978); *Insta-Foam Prods., Inc. v. Instapak Corp.*, 189 USPQ 793, 795 n.4 (TTAB 1976).

Applicant did not file either motion.[5]

In view thereof, Opposer's motion to strike Applicant's Exhibits A, B, D-H, J and M is **granted**. *See* Trademark Rule 2.123(j), 37 C.F.R. § 2.123(j); Fed. R. Civ. P. 32(d)(3)(A). Accordingly, Applicant's Exhibits A, B, D-H, J and M are also stricken from the record.

*Time to Elect Oral Cross-Examination Allowed*

Notwithstanding the foregoing, as explained in the Notice of Final Rulemaking, renumbered Trademark Rule 2.120(k) was amended, effective January 14, 2017, "to change the time for a motion to use a discovery deposition to when the offering party makes its pretrial disclosures and to clarify that the

---

[5] Indeed, Applicant does not assert, in its response to the motion to strike, any allegations regarding exceptional circumstances. It is unlikely that the Board would find that the desire to use the depositions as impeachment itself qualifies as an exceptional circumstance; however, the question of what does constitute an exceptional circumstance remains open.

exceptional circumstances standard applies when this deadline has passed." Notice of Final Rulemaking, 81 Fed. Reg. at 69962. Additionally, when rules changes were first proposed in April 2016, the Board stated, "any issues that may arise concerning the transition to the revised rules for cases pending as of the effective date of the rules would be addressed by the Board and the parties on a case-by-case basis, allowing for flexibility to respond to the unique needs in each case." Miscellaneous Changes to Trademark Trial and Appeal Board Rules of Practice, 81 Fed. Reg. 19296, 19296 (April 4, 2016) (Notice of Proposed Rulemaking).

Therefore, under the particular circumstances of this case, it is appropriate to construe Applicant's response to the motion to strike as a motion to re-open the period for electing and taking oral cross-examination of the witnesses listed in Applicant's Exhibits A, B, D-H, J and M. *See* Trademark Rule 2.123(c), 37 C.F.R. § 2.123(c); Notice of Final Rulemaking, 81 Fed. Reg. at 69965 ("The Office is further amending § 2.123(c) to add that the Board may extend the periods for electing and taking oral cross-examination and, when necessary, shall suspend or reschedule proceedings in the matter to allow for the orderly completion of oral cross-examination(s) that cannot be completed within a testimony period."). In view thereof, the period for Applicant to elect and take oral cross-examination of the witnesses identified in Applicant's Exhibits A, B, D-H, J and M is reset. Applicant shall have until **January 5, 2018** to serve notice on Opposer of Applicant's election to take oral cross-examination; to

11

identify which witnesses listed in Applicant's Exhibits A, B, D-H, J and M it seeks to cross-examine; and to file a copy with the Board. *See* TBMP §§ 701; 703.01(e). Applicant will then have **thirty (30) days** from the date of service of the notice of election to complete the oral cross-examination(s).[6] TBMP § 703.01(e).

The parties are advised that while the Board has exercised its flexibility in the resolution of this dispute, the parties should not expect additional flexibility in the future. Continued failure to adhere to the Board's rules and deadlines will be looked upon with disfavor. *Estudi Moline Dissey, S.L. v. BioUrn Inc.*, 123 USPQ2d 1268, 1271 (TTAB 2017).

Proceedings otherwise remain suspended and will automatically resume on March 10, 2018 with the following dates:

| | |
|---|---|
| Plaintiff's Rebuttal Disclosures Due | March 26, 2018 |
| Plaintiff's 15-day Rebuttal Period Ends | April 25, 2018 |
| BRIEFS SHALL BE DUE AS FOLLOWS: | |
| Plaintiff's Main Brief Due | June 24, 2018 |
| Defendant's Main Brief Due | July 24, 2018 |
| Plaintiff's Reply Brief Due | August 8, 2018 |

In each instance, a copy of the transcript of any oral testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule

---

[6] Should Applicant be unable to complete the oral cross-examination of the witnesses as permitted herein, Applicant should file a motion with the Board seeking an extension of the period for taking oral cross-examination; such motion should be filed prior to the expiration of the time granted to take oral cross-examination. *See* TBMP § 703.01(e) ("On motion for good cause, or on its own initiative, the Board may extend the periods for electing and taking oral cross-examination.").

2.125, 37 C.F.R. § 2.125. An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129, 37 C.F.R. § 2.125.